UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK LEWIS,

       Petitioner,

                                          Case No.  1:12-cv-1109

v.

                                          HON. ROBERT HOLMES BELL

WILLIE SMITH,

       Respondent.

_____/

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION**

This is a habeas corpus petition brought by a state prisoner under 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Phillip Green, who issued a Report and Recommendation ("R&R") on December 6, 2016, recommending that this Court deny the petition on its merits.  (ECF No. 58.)  The matter is before the Court on Petitioner's objections to the R&R.  (ECF No. 61.)

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made, and may accept, reject, or modify any or all of the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

Petitioner objects to the Magistrate Judge's conclusion that his petition is without merit. In his objection, Petitioner raises the same arguments that he already set forth in his petition and attaches his previously-filed brief in support as an exhibit. The Court has conducted a *de novo* review of the record, and finds that the R&R accurately recites the facts and correctly applies pertinent law. Thus, the Court agrees with and adopts the Magistrate Judge's analysis.

Petitioner also wrote a letter to the clerk, inquiring about his previously-filed motion for an evidentiary hearing (ECF No. 4) that was denied by Magistrate Judge Scoville, pending the Court's plenary review of the case (ECF No. 7). (ECF No. 62.) An evidentiary hearing is not mandatory. Section 2254(e)(2) provides:

> [i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the application shows that--
>
> (A) the claim relies on--
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). "The strictures of § 2254(e)(2) do not apply, however, where an applicant has not failed to develop—i.e., has been diligent in developing—the factual basis of his claim in state court." *Robinson v. Howes*, 663 F.3d 819, 824 (6th Cir. 2011) (citing *Williams v. Taylor*, 529 U.S. 420, 432 (2000)). "Diligence for purposes of § 2254(e)(2)

depends upon 'whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in the state court.'" *Id.* (quoting *McAdoo v. Elo*, 365 F.3d 487, 500 (6th Cir. 2004) (internal quotation omitted)).  Where an applicant has been diligent, the decision to grant an evidentiary hearing is left to the district court's sound discretion.  *Id.* (citing *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (noting that AEDPA did not change the "basic rule" that the decision to grant an evidentiary hearing is left to the discretion of the district courts, though AEDPA deference should guide the decision)).

Petitioner's appellate counsel filed an amended motion for a new trial and/or *Ginther* hearing on September 4, 2007.  (ECF No. 5-1, PageID.218-24.)  The trial court denied the motion (ECF No. 13), and the Michigan Court of Appeals affirmed (ECF No. 50). Petitioner also filed a motion for relief from judgment, raising claims of ineffective assistance of trial counsel, which the trial court denied.  (ECF Nos. 47, 5-2.)  Because Petitioner has diligently pursued the factual basis of his ineffective assistance of counsel claim, § 2254(e)(2) does not apply.

Nonetheless, the Court must taken into account § 2254's deferential standards when deciding whether to grant an evidentiary hearing.  *See Schriro*, 550 U.S. at 465. Thus, the Court must consider "whether the hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* at 465-66.

To succeed on an ineffective assistance of counsel claim, Petitioner must establish that (1) trial counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). A reasonable probability is one that is "sufficient to undermine confidence in the outcome." *Id.* Movant bears the burden of proof for each prong, and the Court may dismiss a claim of ineffective assistance of counsel if she fails to carry her burden of proof on either one. *Id.* at 687, 697. When evaluating the *Strickland* prongs, the Court must afford "tremendous deference to trial counsel's decisions." *Campbell v. Coyle*, 260 F.3d 531, 551 (6th Cir. 2001). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, the purpose of which is "to protect lawyers from having strategic decisions judged with 'the distorting effect of hindsight.'" *Boria v. Keane*, 99 F.3d 492, 498 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

Petitioner's requests an evidentiary hearing to have trial counsel explain the following: (1) why he falsely told the court that no witnesses had been located by the investigator; (2) whether he was aware that the tape evidence could be excluded and constituted reversible error; (3) why he did not contact an independent tape-recording expert; (4) why he chose not to interview or refresh the memory of witness Chris Cain; and (5) why he chose not to pursue a proper arraignment and bail procedure. (ECF No. 4.)

On appeal in state court, Petitioner raised ineffective assistance of counsel arguments relating to trial counsel's strategy. The Michigan Court of Appeals held that Petitioner's

claims lacked merit because there had been no showing that defense counsel's trial strategy was unsound. *People v. Lewis*, No. 277505, 2009 WL 1262863, at *4 (Mich. Ct. App. May 7, 2009). If the Court granted Petitioner's request for an evidentiary hearing, it is highly unlikely that it would enable Petitioner to prove the petition's factual allegations and entitle Petitioner to federal habeas relief under *Strickland.*

As to Petitioner's first request, defense counsel indicated to the trial court that because the case was five years old and involved witnesses who were transient by nature and character, he had the witnesses and evidence that was available. (TT I, 16.) Petitioner's factual allegations are refuted by the trial court record. Further, it is unlikely that an evidentiary hearing would produce evidence sufficient to satisfy Petitioner's burden under *Strickland*'s performance and prejudice prongs. Thus, the Court is not required to hold an evidentiary hearing for this claim.

Likewise, as to Petitioner's second and third requests for an evidentiary hearing, Petitioner received a new trial because of the erroneous admission of the tape. (ECF No. 48.) As such, an evidentiary hearing to inquire as to counsel's strategy relating to the tape and why an independent expert was not used would not entitle Petitioner to federal habeas relief. This error was already remedied at the state-court level when he was granted a new trial, so Petitioner cannot show prejudice as required by *Strickland*.

Similarly, at Petitioner's second trial, Chris Cain's preliminary examination testimony was read into the record after the court conducted a due diligence hearing and found that the witness was unavailable at the time of trial, had given testimony under oath, and was subject

to cross-examination.  (ECF No. 58, PageID.529.)  Because Chris Cain was unavailable for the second trial, counsel could not "interview and/or refresh [the witness's] memory" during the trial.  Counsel's failure to do so is not deficient performance.  *See Strickland*, 466 U.S. at 689.  Thus, an evidentiary hearing on this claim would not entitle Petitioner to federal habeas relief under *Strickland*.

Moreover, an explanation as to why counsel waived arraignment would not entitle Petitioner to federal habeas relief under *Strickland*.  The R&R thoroughly analyzed Petitioner's claim for failure to conduct a new arraignment for the second trial and held that this claim was without merit.  As such, even if Petitioner were granted an evidentiary hearing, Petitioner cannot establish prejudice as required under *Strickland*.  Thus, he is not entitled to federal habeas relief on this claim.

In addition, the R&R discussed the merits of Petitioner's ineffective assistance of counsel claims.  An evidentiary hearing is not likely to produce any facts to support Petitioner's claims, let alone to satisfy his burden under *Strickland* to prove counsel's deficient performance and prejudice.  Therefore, the Court will deny Petitioner an evidentiary hearing.  Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the R&R (ECF No. 61) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 58) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's motion for hearing (ECF No. 4) is

**DENIED**.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.  28

U.S.C. § 2253(c).  Reasonable jurists would not disagree with the Court's conclusion that

Petitioner's claims are meritless.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).


Dated: <u>January 12, 2017</u>                              /s/ Robert Holmes Bell
                                                                ROBERT HOLMES BELL
                                                                UNITED STATES DISTRICT JUDGE